■ RUTH LOCKWOOD, as Guardian ad Litem of CAROL JAGIELLO, an Infant, Respondent, v. EDWIN T. JAGIELLO, Appellant.— Judgment unanimously reversed on the law and facts, without costs of this appeal to either party and a new trial granted. Memorandum: In this separation action brought by the respondent wife on the ground of cruelty, the appellant husband interposed a general denial and a counterclaim for a judgment of divorce by reason of allegations of adultery by the wife. At the opening of the trial, the husband withdrew his counterclaim for divorce upon the following stipulation agreed upon by the attorneys for the parties: "Without prejudice, and instituting in the amended answer in place and stead of the counterclaim for a divorce, a defense to the separation action brought by the plaintiff as an affirmative defense of adultery with respect to the separation." At various times during the trial the husband offered proof of acts of adultery by the wife but each time was prevented from presenting this evidence and was even reprimanded by the court who said: "We are not trying a divorce case here. It has been withdrawn." Notwithstanding the withdrawal of the counterclaim, the stipulation specifically provided that the husband could present proof of the adulterous acts as a defense to the separation action and the refusal of the trial court to permit presentation of this evidence was reversible error and makes a new trial necessary. The separation judgment granted the wife gave her custody of the two children, both under three years of age, with visitation rights to the husband. Companion appeals decided herewith involve two habeas corpus proceedings resulting from the violation by the husband of the custody provisions of the separation judgment. In these habeas corpus proceedings the husband attempted to justify his conduct by serious allegations of unfitness of the wife, and the children are at the present time, by reason of a stay granted in this court, living with the husband or with members of his family. The stay is vacated. The children should be immediately returned to the wife. This court is greatly concerned about the welfare of the children and directs that this matter be resolved at the earliest possible date. The new trial ordered herein should be had at the next term of Supreme Court for the County of Oneida. So that there may be a fresh approach to this matter, the new trial should be presided over by a Justice who has not participated in the prior trial or in any of the other proceedings. The question of custody of the children should be fully explored at the new trial so that the determination which results therefrom will, so far as possible protect the health and welfare of these very young children. (Appeal from judgment of Oneida Special Term in favor of plaintiff and granting custody of children to plaintiff and support and counsel fees.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.